# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JOHN D. LEWIS,**
**Claimant Below, Petitioner**

**FILED**
**July 19, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)   No. 11-1572** (BOR Appeal No. 2045879)
                    (Claim No. 2006012711)

**WILSON ELECTRIC SERVICES CORPORATION,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner John D. Lewis, by Gregory Sproles, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wilson Electric Services Corporation, by James Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 27, 2011, in which the Board affirmed an April 25, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 8, 2010, decision denying Mr. Lewis's request to reopen the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lewis was injured in a motor vehicle accident while working for Wilson Electric Services. He suffered various compensable injuries in the accident. On October 8, 2010, the claims administrator denied a request to reopen the claim for temporary total disability benefits.

The Office of Judges affirmed the claims administrator's decision, and held that Mr. Lewis was not entitled to a reopening of the claim for temporary total disability benefits. On appeal, Mr. Lewis disagrees and asserts that the Board of Review erred when it found that because no physician had technically expressed the opinion that he was temporarily and totally disabled or a period of time in which he was unable to work, that he was not entitled to a

reopening. Wilson Electric Services maintains that the evidence does not establish that Mr. Lewis is entitled to a reopening of the claim for temporary total disability benefits.

The Office of Judges concluded that there was no evidence that Mr. Lewis was unable to work notwithstanding that he may not have been at maximum medical improvement with regard to all of his compensable conditions. It noted that neither treating psychiatrist expressed an opinion that Mr. Lewis was temporarily and totally disabled or a period of time in which he was unable to work. The Office of Judges further noted that several evaluations had found that Mr. Lewis had met maximum medical improvement, and that no evidence was submitted demonstrating that he was temporarily and totally disabled. Thus, the Office of Judges concluded that he was not entitled to a reopening of the claim for temporary total disability benefits. The Board of Review reached the same reasoned conclusions in its decision of October 27, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  July 19, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II